UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | | |
|---|---|---|
| JAMES A. SALLEE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-133-KSF |
| | ) | |
| v. | ) | |
| | ) | |
| DEWAYNE E. MYERS and | ) | **MEMORANDUM OPINION** |
| DR. HUMPHREY, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*\*\*  \*\*\*\*\*  \*\*\*\*\*  \*\*\*\*\*

Plaintiff James A. Sallee, a prisoner incarcerated at the Hopkins County Jail in Madisonville Kentucky, filed this *pro se* civil rights action under 42 U.S.C. § 1983 on March 29, 2010. [R. 1] The Court has granted his motion to pay the filing fee in installments by prior Order. [R. 10]

In that Order, the Court further explained that because the Complaint was missing several pages and did not contain any substantive allegations against the two named defendants, it did not satisfy Federal Rule of Civil Procedure 8(a)(2)'s requirement that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as explained by the Supreme Court in *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951 (2009) (allegations of complaint must "plausibly suggest entitlement to relief."). The Court therefore ordered the Plaintiff to complete and file a new Complaint within thirty days which satisfied this requirement. [R. 10]

On June 2, 2010, Sallee filed an Amended Complaint. [R. 11] A letter accompanying the newly-filed Complaint indicated that it was prepared with the assistance of a fellow inmate who explained that "Mr. Sallee has a learning disability and can not read or write ..." Sallee signed the

1

Amended Complaint, and the Court therefore assumes that the allegations it contains are his own.

In his Amended Complaint, Sallee alleges that in October 2008 he was placed in some form of segregation cell. During this time period, he suffered from a gash on his left foot, which was bleeding for some time. When Sallee was examined by Defendant Dr. Humphrey, Dr. Humphrey expressed concern about the condition of his foot, and indicated to Defendant Jailer Myers that Sallee would need laser surgery on the foot at some point. Dr. Humphrey also expressed concern about the foot becoming infected, and directed that Sallee's bandages on the injured foot be changed three times a day. Sallee indicates that he was again seen by Dr. Humphrey several weeks later, and discussed with Sallee prescribing medication to prevent infection and for pain management. Sallee then alleges that while he was confined in segregation, he was thereafter never visited by a physician or nurse, or otherwise received adequate medical care, over the course of the next three months. Sallee has included with his Complaint various medical records, although the relevance of some of these records to his current claims is unclear. One record includes treatment notes dated December 19, 2008, from a nurse at Good Samaritan Hospital in Lexington, Kentucky, directing continued wound care for his left foot and recommending consideration of "scar revision after foot surgery." Sallee seeks compensatory and punitive damages, as well as "exonerat[ion]" and "restitution on any child support owed by to names above."

Federal law requires the Court to screen complaints filed by prisoners which assert civil claims against governmental entities or employees, 28 U.S.C. § 1915A(a), and to dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). To state a viable claim for relief, a complaint must state sufficient factual matter which, if accepted

as true, would allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). If the complaint pleads facts that are "merely consistent with" a defendant's liability, the complaint should be dismissed for failure to state a claim. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

When reviewing a complaint to determine whether it must be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court accepts well pleaded factual allegations as true. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951 (2009). Because the plaintiff here is proceeding without the benefit of an attorney, the Court reads his Complaint to include all fairly and reasonably inferred claims. *Wagenknect v. United States*, 533 F.3d 412, 415 (6th Cir. 2008); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, *pro se* complaints remain subject to *Iqbal*'s requirement that "they plausibly suggest entitlement to relief." *Cf. Garrett v. Belmon Co. Sheriff's Dept.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (applying *Iqbal* standard to prisoner's *pro se* civil rights claims under Section 1983); *see also Nat'l Bus. Devel. Serv., Inc. v. American Credit Educ. and Consulting, Inc.*, 299 F. App'x 509, 511 (6th Cir. October 31, 2008) (declining to apply more lenient *pro se* standard than heightened pleading requirement of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) to *pro se* copyright claim, noting Supreme Court's admonition that "[o]n certain subjects understood to raise a high risk of abusive litigation, a plaintiff must state factual allegations with greater particularity than Rule 8 requires ... "); *Zibbell v. Michigan Dept. of Human Servs.*, 313 F. App'x 843, 846 (6th Cir. February 23, 2009) (applying *Twombly* standard to *pro se* claims under the Americans with Disabilities Act).

As with his original Complaint, Sallee's Amended Complaint fails to clearly allege wrongdoing by either defendant, or that Plaintiff might have suffered any harm or injury as a result.

3

To the contrary, the Complaint suggests that Dr. Humphrey examined and treated the plaintiff on several occasions and that plaintiff received medications intended to treat his condition. Nor does the Complaint allege that Defendant Jailer Myers had any input or control into the medical care received by the plaintiff. Finally, the Complaint makes no allegation that Sallee was actually injured or harmed by the actions or omissions of either Defendant. Such a complaint must be dismissed for failure to state a claim:

> ... the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citations omitted).[1] The allegations of a complaint need not be meticulous or precisely detail all relevant facts, but they must be sufficiently clear that a defendant is not left guessing as to what alleged conduct gives rise to the asserted claim or the injury which provides the basis for recovery. Even affording a liberal reading to Plaintiff's Complaint and Amended Complaint, they fail to satisfy this minimal standard.

Accordingly, it is **ORDERED** that:

1. Sallee's Amended Complaint [Record No. 11] is **DISMISSED WITHOUT PREJUDICE**.

---

[1] The Court notes parenthetically that the actions described in the Complaint occurred from October to December 2008. Because the Plaintiff filed his Complaint in this action on March 29, 2010, it appears possible, if not likely, that his claims are barred by the one-year statute of limitations applicable to civil rights claims arising out of conduct in Kentucky. Ky. Rev. Stat. 413.140(1)(a); *Fox v. DeSoto*, 489 F.3d 227, 232-33 (6th Cir. 2007).

2. The Court will enter an appropriate Judgment.

This the 4th day of June, 2010.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge